COURT OF APPEALS
DECISION
DATED AND FILED

July 11, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2021AP1225-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2019CF75

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

DAMON T. FLUKER,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed.*

Before Brash, C.J., Donald, P.J., and White, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Damon T. Fluker appeals a judgment convicting him of two counts of repeated sexual assault of a child and an order denying his

motion for postconviction relief. Fluker argues that: (1) he received ineffective assistance when his trial counsel failed to adequately object to the admission at trial of Detective Travis Guy's preliminary hearing testimony; and (2) the circuit court erroneously exercised its discretion when it admitted Detective Guy's preliminary hearing testimony. We affirm.

¶2 After a jury trial, Fluker was convicted of repeated sexual assault as to A.A.B. and A.K.B. The circuit court sentenced Fluker to eight years of initial confinement and six years of extended supervision for each conviction, to be served consecutively. Fluker moved for postconviction relief, which the circuit court denied.

¶3 Fluker first argues that he received ineffective assistance when trial counsel failed to properly object to the admission at trial of Detective Guy's preliminary hearing testimony. Detective Guy testified at the preliminary hearing that Fluker admitted to him that he assaulted A.K.B. To prove a claim of ineffective assistance of counsel, a defendant must show that his or her counsel performed deficiently and that this deficient performance prejudiced him or her. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To prove deficient performance, a defendant must show specific acts or omissions of counsel that are 'outside the wide range of professionally competent assistance.'" *State v. Arredondo*, 2004 WI App 7, ¶24, 269 Wis. 2d 369, 674 N.W.2d 647 (citation omitted).

¶4 Fluker's trial counsel did, in fact, object to the admission of the preliminary hearing testimony. She specifically argued that Detective Guy's preliminary hearing testimony should not have been admitted at trial because she was precluded from attacking Detective Guy's credibility during the preliminary

hearing. This is the very same argument that Fluker contends that his counsel *should* have raised. Despite counsel's objection, the circuit court allowed the testimony to be admitted. Because trial counsel raised a proper objection, Fluker has failed to show that his trial counsel performed deficiently. *See Strickland*, 466 U.S. at 687.

¶5 Fluker next argues that the circuit court erroneously exercised its discretion when it admitted Detective Guy's preliminary hearing testimony based on the fact that he was not available as a witness. We agree with Fluker that his right to confront the witnesses against him was violated by the admission of this evidence because Fluker did not have the opportunity at the preliminary hearing to question Detective Guy's credibility. *See State v. Stuart*, 2005 WI 47, ¶¶29-30, 279 Wis. 2d 659, 695 N.W.2d 259 (explaining that a defendant has a statutory right at a preliminary hearing to cross-examine witnesses but the scope of that cross-examination is limited and does not include issues related to the credibility of witnesses). However, we conclude that the error was harmless.

¶6 An error "is harmless if it is 'clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'" *State v. Harvey*, 2002 WI 93, ¶49, 254 Wis. 2d 442, 647 N.W.2d 189 (citation omitted). The circuit court summarized the overwhelming evidence against Fluker in its order denying postconviction relief.

> [T]he jury had the opportunity to hear and evaluate the testimony and credibility of [the two victims] A.A.B. and A.K.B., as well as the testimony and credibility of the defendant's wife/the victims' sister, another sister, and Detective Johnson. In addition … the jury also had the benefit of considering incriminating jail calls from the defendant to his wife, as well as text message and snap chat communications surrounding the victims' disclosures. The sum of the State's case renders any error in admitting Guy's preliminary hearing testimony harmless.

Given the strength of the evidence against Fluker, it is clear beyond a reasonable doubt that he would have been convicted even if Detective Guy's preliminary hearing testimony had not been admitted at trial. Therefore, the circuit court's error in admitting the evidence was harmless.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.